# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40466**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Daniel L. BLOCK**
Master Sergeant (E-7), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 August 2024

————————————

*Military Judge*: Matthew P. Stoffel.

*Sentence*: Sentence adjudged 28 February 2023 by GCM convened at Hill Air Force Base, Utah. Sentence entered by military judge on 10 April 2023: Dishonorable discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant*: Major Spencer R. Nelson, USAF.

*For Appellee*: Colonel Matthew D. Talcott, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; Major Jocelyn Q. Wright, USAF; Captain Kate E. Lee, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and WARREN, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of obstruction of justice in violation of Article 131b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 931b; and one specification of wrongful possession of child pornography on divers occasions and one specification of

wrongful viewing of child pornography on divers occasions, both in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority took no action on the findings and "approve[d] the sentence in its entirety."

Appellant personally raises one issue on appeal:[2] whether, as applied to Appellant, reference to 18 U.S.C. § 922 in the Statement of Trial Results is unconstitutional where the Government cannot demonstrate that barring his possession of firearms is "consistent with the nation's historical tradition of firearm regulation"[3] when he was not convicted of a violent offense.

After carefully considering this issue and for the reasons explained in *United States v. Vanzant*, 84 M.J. 671, No. ACM 22004, 2024 CCA LEXIS 215, at *24 (A.F. Ct. Crim. App. 28 May 2024), and *United States v. Lepore,* 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc), we conclude this issue warrants neither discussion nor relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)).

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)). Accordingly, the findings and sentence are **AF-FIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[1] Unless otherwise indicated, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] Citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022).